IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GLENN T. TURNER,

                Plaintiff,                             ORDER

      v.                                               11-cv-708-bbc

WILLIAM POLLARD, MICHAEL BAENEN,
PETER ERICKEN, JOHN DORUFF,
MICHAEL SCHULTZ, SARA COOPER,
C.O. II SCHILLER, SGT. HUCK,
MARK LESATZ, LT. SWIEKATOWSKI,
TOM CAMPBELL, JOHN DOE #1,
JOHN DOE #2, JOHN DOE #3, RICK RAEMISCH,
GARY HAMLIN, SGT. GRIEL, SGT. LONGSINE,
SGT. FRANCOIS, SGT. STEVENS, CAPTAIN BRANT,
CAPTAIN M. DELVAUX, D. MOSHER, DAN WESTFIELD,
RICHARD SCHNEITER, PETER HUIBREGTSE,
DR. BURTON COX JR. and RN JO,

                Defendants.[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Glenn Turner has filed a 68-page proposed complaint under 42 U.S.C. § 1983 in which he raises various claims about his conditions of confinement since 2005 at

---

[1] Plaintiff's spelling of the names of several of the defendants was inconsistent throughout his complaint. In this opinion, I have used the spellings as they appear in the caption of plaintiff's complaint.

1

the Green Bay Correctional Institution and the Wisconsin Secure Program Facility. Plaintiff has made an initial partial payment as required by 28 U.S.C. § 1915(b)(4). Because plaintiff is a prisoner, I must screen his complaint to determine whether it states a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2) and 1915A.

Having reviewed plaintiff's complaint, I conclude that he cannot proceed on any claims at this time because his complaint violates Fed. R. Civ. P. 20. Rule 20 prohibits a plaintiff from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit. Multiple defendants may not be joined in a single action unless the plaintiff asserts at least one claim to relief against each defendant that arises out of the same transaction or occurrence or series of transactions or occurrences and presents questions of law or fact common to all. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); 3A Moore's Federal Practice § 20.06, at 2036-2045 (2d ed.1978).

Plaintiff's complaint is long and disorganized and includes many different incidents and prison officials, making it a difficult task even to determine what plaintiff's claims are and against which defendants he wishes to assert those claims. He includes a "Statement of Claims" at the end of his complaint, but I have disregarded it because it bears little resemblance to the factual allegations included in the body of his complaint. However, my review of the complaint shows that plaintiff is raising claims that belong in as many as six different lawsuits:

2

Lawsuit #1: Defendants Richard Schneiter, Peter Huibregtse, RN Jo and Burton Cox refused to test or treat plaintiff's H. pylori bacteria from January 2005 until March 2007, in violation of the Eighth Amendment.

Lawsuit #2:

(a) Defendants Lt. Swiekatowski, wrote plaintiff a conduct report for writing an essay titled "Failure to Comply with Allah's Rules and Regulations" and possessing "The Willie Lynch Letter" and the "Willie Lynch Letter Update" in violation of the First Amendment; defendant Tom Campbell found plaintiff guilty of the conduct report, in violation of the First Amendment;

(b) in the context of investigating this conduct report, defendant Swiekatowski told Muslim prisoners that plaintiff had put "hits" on them; defendants Pollard and Raemisch denied a grievance plaintiff filed on this issue; and defendants Ericksen and Baenen failed to "check" these actions, in violation of the Eighth Amendment.

(c) defendant Swiekatowski submitted false evidence in support of the conduct report and defendant Campbell relied on false evidence in finding plaintiff guilty, in violation of the due process clause;

(d) defendant M. Delvaux refused to allow plaintiff to call many of his requested witnesses at his hearing, in violation of the due process clause;

3

(e) defendant Campbell did not allow plaintiff to prepare an adequate defense, in violation of the due process clause;

(f) in the context of the disciplinary proceeding, three unknown inmates provided false testimony against plaintiff as part of a conspiracy with prison officials, in violation of the due process clause;

(g) defendants Rick Raemisch and William Pollard approved the disciplinary decision, in violation of the First Amendment and the due process clause.

Lawsuit #3: Defendant Huck refused to send plaintiff's notice of claim using certified mail; defendant Baenen dismissed plaintiff's grievance on this issue; and defendant Mark LeSatz refused to intervene, in violation of plaintiff's right to have access to the courts.

Lawsuit #4:

(a) Defendant John Doruff refused to allow plaintiff to complete a college course through the Distance Learning College Correspondence program at University of Wisconsin–Platteville while plaintiff was in segregation; and defendants Sarah Cooper and Pollard refused to "rectify the issue" when plaintiff complained, in violation of the First Amendment;

(b) Defendants Cooper, Schultz and Pollard refused to allow plaintiff to keep

4

textbooks for his course while he was in segregation, in violation of the First Amendment.

Lawsuit #5: Defendant Brant gave plaintiff a conduct report for a letter he wrote to the President; defendant Schultz found plaintiff guilty of the conduct report; and defendant Pollard affirmed the finding in violation of the First Amendment.

Lawsuit #6:

(a) Defendant Brant recommended plaintiff for placement in administrative confinement; defendants Mosher, Delvaux and Stevens placed plaintiff in administrative confinement; and defendants Pollard, Westfield and Raemisch affirmed the decision, in violation of the due process clause;

(b) defendants Schultz, Cooper, Longsine, Griel and Ericksen provided "sham" reviews of plaintiff's continued placement in administrative confinement, in violation of the due process clause;

(c) defendants Pollard, Raemisch, Baenen, Cooper and Schultz ignored plaintiff's complaints about the conditions of confinement in administrative segregation, in violation of the Eighth Amendment.

I was unable to locate any factual allegations regarding defendants CO II Schiller or Sgt. Francois other than a description of their job duties in the beginning of the complaint.

5

Plaintiff mentions "ICE Cathy Francois" in a number of places, but it does not seem that "ICE Francois" and "Sgt. Francois" are the same person. In the beginning of his complaint, plaintiff says that "Sgt. Francois" is a male. Further, when discussing "ICE Francois" in his complaint, plaintiff does not preface her name with "defendant," which he did with everyone else. Accordingly, I have not included defendants Schiller or Francois in any of the lawsuits.

Under <u>George</u>, I may apply the initial partial payment plaintiff has made to only one of the lawsuits I have identified above. Plaintiff will have to choose which lawsuit that is. That lawsuit will be the only lawsuit assigned to this case number.

As for the other lawsuits, plaintiff has a more difficult choice. He may choose to pursue those lawsuits separately. In that case, he will be required to pay separate filing fees for each lawsuit. In addition, plaintiff may be subjected to a separate strike under 28 U.S.C. § 1915(g) for each of the separate lawsuits that he pursues if the lawsuit is dismissed for failure to state a claim upon which relief may be granted. As plaintiff may be aware, once a prisoner receives three strikes, he is not able to proceed in new lawsuits without first paying the full filing fee except in very narrow circumstances. 28 U.S.C. § 1915(g).

Alternatively, plaintiff may choose to dismiss one or more of the other lawsuits voluntarily. If he chooses this latter route, he will not owe additional filing fees or face a strike for any lawsuit he dismisses. Any lawsuit dismissed voluntarily would be dismissed without prejudice, so plaintiff would be able to bring it at another time, so long as he files

6

it within the statute of limitations.

Plaintiff should be aware that because it is not clear at this time which of his separate lawsuits he will pursue, I have not assessed the merits of the claims raised in any of the lawsuits identified above or determined whether they comply with Fed. R. Civ. P. 8. Once plaintiff identifies the suit or suits he wants to continue to litigate, I will screen the complaint as required under 28 U.S.C. § 1915(e)(2). Because plaintiff faces filing fees and potential strikes for each lawsuit he pursues, he should consider carefully the merits and relative importance of each of his potential lawsuits when choosing which of them he wishes to pursue.

If plaintiff disagrees with the way the court has grouped his claims or if he believes the court has left out claims he intended to assert or included claims he did not intend to assert, he may raise those objections in his response, but he must still comply with this order and choose which of the six lawsuits he wishes to pursue. If he fails to do so, I will dismiss all of his claims for his failure to prosecute the case.


ORDER

IT IS ORDERED that

1. Plaintiff Glenn Turner may have until December 28, 2011, to identify for the court whether he wishes to proceed with Lawsuit #1, Lawsuit #2, Lawsuit #3, Lawsuit #4,

Lawsuit #5 OR Lawsuit #6 under the number assigned to this case. Plaintiff must pick one and only one of these lawsuits to proceed under case no. 11-cv-708-bbc.

     2. Plaintiff may have until December 28, 2011, to advise the court of which other lawsuits he wishes to pursue under separate case numbers, if any, and which lawsuits he will withdraw voluntarily, if any.

     3. For any lawsuit that plaintiff dismisses voluntarily, he will not owe a filing fee.

     4. For each lawsuit plaintiff chooses to pursue, he will owe a separate $350 filing fee and will be assessed an initial partial payment.

     5. If plaintiff fails to respond to this order by December 28, 2011, I will enter an order dismissing the lawsuit as it presently exists without prejudice for petitioner's failure to prosecute.

     Entered this 13th day of December, 2011.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge