IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GLENN T. TURNER,

                Plaintiff,                            ORDER

      v.                                             11-cv-708-bbc

WILLIAM POLLARD, MICHAEL BAENEN,
PETER ERICKEN, JOHN DORUFF,
MICHAEL SCHULTZ, SARA COOPER,
C.O. II SCHILLER, SGT. HUCK,
MARK LESATZ, LT. SWIEKATOWSKI,
TOM CAMPBELL, JOHN DOE #1,
JOHN DOE #2, JOHN DOE #3, RICK RAEMISCH,
GARY HAMLIN, SGT. GRIEL, SGT. LONGSINE,
SGT. FRANCOIS, SGT. STEVENS, CAPTAIN BRANT,
CAPTAIN M. DELVAUX, D. MOSHER, DAN WESTFIELD,
RICHARD SCHNEITER, PETER HUIBREGTSE,
DR. BURTON COX JR. and RN JO,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Glenn Turner has responded to the court's December 13, 2011 order, dkt.#6, in which I concluded that plaintiff's pro se complaint violated Fed. R. Civ. P. 20 because it included claims that belonged in more than one lawsuit. I grouped his 68-page complaint into the following six lawsuits:

1

<u>Lawsuit #1</u>: Defendants Richard Schneiter, Peter Huibregtse, RN Jo and Burton Cox refused to test or treat plaintiff's H. pylori bacteria from January 2005 until March 2007, in violation of the Eighth Amendment.

<u>Lawsuit #2</u>:

(a) Defendant Lt. Swiekatowski wrote plaintiff a conduct report for writing an essay titled "Failure to Comply with Allah's Rules and Regulations" and possessing "The Willie Lynch Letter" and the "Willie Lynch Letter Update" in violation of the First Amendment; defendant Tom Campbell found plaintiff guilty of the conduct report, in violation of the First Amendment;

(b) in the context of investigating this conduct report, defendant Swiekatowski told Muslim prisoners that plaintiff had put "hits" on them; defendants Pollard and Raemisch denied a grievance plaintiff filed on this issue; and defendants Ericksen and Baenen failed to "check" these actions, in violation of the Eighth Amendment.

(c) defendant Swiekatowski submitted false evidence in support of the conduct report and defendant Campbell relied on false evidence in finding plaintiff guilty, in violation of the due process clause;

(d) defendant M. Delvaux refused to allow plaintiff to call many of his requested witnesses at his hearing, in violation of the due process clause;

2

(e) defendant Campbell did not allow plaintiff to prepare an adequate defense, in violation of the due process clause;

(f) in the context of the disciplinary proceeding, three unknown inmates provided false testimony against plaintiff as part of a conspiracy with prison officials, in violation of the due process clause;

(g) defendants Rick Raemisch and William Pollard approved the disciplinary decision, in violation of the First Amendment and the due process clause.

Lawsuit #3: Defendant Huck refused to send plaintiff's notice of claim using certified mail; defendant Baenen dismissed plaintiff's grievance on this issue; and defendant Mark LeSatz refused to intervene, in violation of plaintiff's right of access to the courts.

Lawsuit #4:

(a) Defendant John Doruff refused to allow plaintiff to complete a college course through the Distance Learning College Correspondence program at University of Wisconsin–Platteville while plaintiff was in segregation; and defendants Sarah Cooper and Pollard refused to "rectify the issue" when plaintiff complained, in violation of the First Amendment;

(b) Defendants Cooper, Schultz and Pollard refused to allow plaintiff to keep

3

textbooks for his course while he was in segregation, in violation of the First Amendment.

Lawsuit #5: Defendant Brant gave plaintiff a conduct report for a letter he wrote to the President; defendant Schultz found plaintiff guilty of the conduct report; and defendant Pollard affirmed the finding in violation of the First Amendment.

Lawsuit #6:

(a) Defendant Brant recommended plaintiff for placement in administrative confinement; defendants Mosher, Delvaux and Stevens placed plaintiff in administrative confinement; and defendants Pollard, Westfield and Raemisch affirmed the decision, in violation of the due process clause;

(b) defendants Schultz, Cooper, Longsine, Griel and Ericksen provided "sham" reviews of plaintiff's continued placement in administrative confinement, in violation of the due process clause;

(c) defendants Pollard, Raemisch, Baenen, Cooper and Schultz ignored plaintiff's complaints about the conditions of confinement in administrative segregation, in violation of the Eighth Amendment.

I told plaintiff that he could proceed with one of these lawsuits under Case No. 11-cv-708-bbc, but he would have to pay separate filing fees for the other five lawsuits or dismiss

them without prejudice to refiling them at a later date. Anticipating that plaintiff would object to this grouping, I gave him the following instruction: "If plaintiff disagrees with the way the court has grouped his claims or if he believes the court has left out claims he intended to assert or included claims he did not intend to assert, he may raise those objections in his response, but he must still comply with this order and choose which of the six lawsuits he wishes to pursue." Dkt. #6, at 7.

Unfortunately, plaintiff did not comply with this instruction. In his response, he says that he will dismiss Lawsuits #1, #3 and #5, but he believes that Lawsuits #2, #4 and #6 are sufficiently related to be litigated together because they all arise out of the same conduct report. He does not say which of those three lawsuits he would pick if his argument is not successful. Because is not clear from plaintiff's complaint that Lawsuits #4 and #6 are related to the conduct report that is the subject of Lawsuit #2, I cannot allow plaintiff to combine these lawsuits at this time.

Plaintiff complicates matters even further by including a new, four-page "statement of claims" in his response. This statement does not match the statement in his complaint or the summary of his claims provided by the court. Notably, plaintiff omits a number of defendants from this new statement, but he does not seek dismissal of those defendants or explain why he has omitted them.

I will give plaintiff another opportunity to tell the court whether he wishes to proceed

5

with Lawsuit #2, Lawsuit #4 OR Lawsuit #6. If he wishes to proceed with all three lawsuits under Case No, 11-cv-708-bbc, he will have to file an amended complaint showing that the three lawsuits arise from the same set of facts.

If he chooses to file an amended complaint, it must be able to stand on its own; he should not simply file another supplement in an attempt to clarify his claims. Rather, he must file a new document focusing solely on what the court has identified as Lawsuits #2, #4 and #6 and that includes all the information he wishes the court and defendants to consider. He may not refer to his original complaint or rely on it any way. Further, even if plaintiff files an amended complaint, he must still identify whether he wishes to proceed with Lawsuit #2, Lawsuit #4 or Lawsuit #6 in the event that he is unable to show that the lawsuits should be combined.

ORDER

IT IS ORDERED that plaintiff Glenn Turner may have until February 17, 2012 to:

(1) file an amended complaint showing that Lawsuit #2, Lawsuit #4 and Lawsuit #6 may proceed as one lawsuit under Fed. R. Civ. P. 20 and as described in this order; and

(2) inform the court whether he wishes to pursue Lawsuit #2, Lawsuit #4 OR Lawsuit #6 in the context of Case No. 11-cv-708-bbc, in the event he chooses

6

not to file an amended complaint or is unable to show that the three lawsuits should be combined.

If plaintiff does not respond by that date or he otherwise fails to comply with this order, I will dismiss this case.

Entered this 2d day of February, 2012.

                              BY THE COURT:
                              /s/
                              BARBARA B. CRABB
                              District Judge