IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GLENN T. TURNER,

                      Plaintiff,                                    ORDER

      v.                                                   11-cv-708-bbc

WILLIAM POLLARD, PETER ERICKSEN,
WILLIAM SWIEKATOWSKI,TOM CAMPBELL,
RICK RAEMISCH and MICHAEL DELVAUX,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Glenn Turner has filed two motions in response to the court's order granting summary judgment to defendants on plaintiff's claims that defendants violated his constitutional rights by attempting to incite other prisoners to attack him and by punishing him for possessing certain written materials and photographs and engaging in group activity with other prisoners. First, he has filed a timely motion under Fed. R. Civ. P. 59(e) to alter or amend the judgment. Dkt. #111. Second, plaintiff has filed a document that he calls "request to accept submissions of documents including new evidence." Dkt. #110.

      Although plaintiff's Rule 59 motion is lengthy, it simply repeats the same arguments I rejected in the summary judgment opinion. Nothing in the motion persuades me that I erred in granting defendants' motion for summary judgment.

1

With respect to plaintiff's motion to submit new evidence, plaintiff does not argue that he was unable to submit the documents with his summary judgment materials. Egonmwan v. Cook County Sheriff's Dept., 602 F.3d 845, 852 (7th Cir. 2010) ("[M]otions under Rule 59(e) cannot be used to introduce evidence that could have been presented earlier."). In any event, plaintiff has not shown that the documents would make any difference to the outcome of this case. With respect to most of the documents, plaintiff says nothing about their relevance, only that he believed mistakenly that he had submitted them previously. To the extent these are documents that plaintiff cited in his proposed findings of fact but failed to provide to the court, I already noted in the summary judgment opinion that they could not save plaintiff's claims. Dkt. #108 at 2 ("I note that many of plaintiff's proposed findings of fact cited various responses defendants provided to plaintiff's discovery requests, but plaintiff did not include those responses with his summary judgment filings. . . . However, even if I assumed that the discovery responses supported the proposed findings of fact in which the responses were cited, it would not change the outcome of the parties' summary judgment motions.").

Plaintiff says that one of the documents is relevant to his claim that defendants violated his First Amendment rights by punishing him for writing an essay that discusses the "God's and Earth's of the 5% Nation of Islam." In the summary judgment opinion, I deferred to the opinion of the security threat group agency coordinator, who believed that plaintiff was making a veiled reference to 5% Nation of Gods and Earths, which is a "Black Supremacist organization that has a history of violence especially in the prison setting."

2

Brant Aff. ¶ 11, dkt. #63. See also Carter v. Johnson, 2013 WL 953998, *1 n.3 (W.D. Va. Mar. 12, 2013) ("'Five Percenter' is the common label for an adherent of the alleged prison religion 'The Nation of Gods and Earths.' Several state prison systems have increased supervision of Five Percenters because they 'act as an organized group within the prison system to receive new members, intimidate members of rival groups, and participate in criminal activity, including extortion, robbery, assaults and drug trafficking.'") (quoting Lord Natural Self–Allah v. Annucci, 1999 WL 299310, *9 (W.D.N.Y. Mar. 25, 1999)).

Plaintiff accompanies his motion with a discovery response that he says shows that the 5% Nation of Gods and Earths "has never been designated as an unsanctioned security threat group" and that "no other least or lesser restriction has been tried or implemented to allow prisoners access to material from the Five Percent Nation of Gods and Earths." Dkt. #110 at 1. Even if both of these propositions are true, they are not dispositive. The relevant question under the First Amendment in a prisoner case is whether it is reasonable to believe that the plaintiff's conduct could threaten safety or security in the prison. Turner v. Safley, 482 U.S. 78 (1987). Although prison officials may designate some groups as dangerous for administrative ease, officials are not *required* under the First Amendment to do so before censoring information about that group so long as the officials' conduct is otherwise reasonable under the Turner standard. Because of the undisputed history of violence of the Five Percent Nation of Gods and Earths, defendants' censorship decision was reasonable in this case.

I also reject plaintiff's suggestion that defendants must try alternatives to censoring

3

materials about the Five Percent Nation of Gods and Earths. Once it is determined that certain literature undermines prison security, there is no way for officials to "accommodate" a prisoner's interest in possessing that literature without threatening that interest. In any event, it is plaintiff's burden to identify less restrictive alternatives, not defendants'. Jackson v. Frank, 509 F.3d 389, 392 (7th Cir. 2007).

ORDER

IT IS ORDERED that plaintiff Glenn Turner's motion to alter or amend the judgment, dkt. #111, and motion to submit new evidence, dkt. #110, are DENIED.

Entered this 26th day of July, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge