IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GLENN T. TURNER,

                  Plaintiff,                            ORDER

          v.                                    11-cv-708-bbc

WILLIAM SWIEKATOWSKI,

                  Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

The Court of Appeals for the Seventh Circuit has remanded this case to allow pro se prisoner Glenn Turner to proceed to trial on his claim that defendant William Swiekatowski violated plaintiff's Eighth Amendment rights by encouraging other prisoners to assault him. Turner v. Pollard, 564 F. App'x 234 (7th Cir. 2014). Now before the court is "Plaintiff's Motion to List Other Prisoners and Former Defendant as Adversarial Witnesses." Dkt. #136. In his motion, plaintiff says that he needs the identities of three confidential prisoner informants to help him prove his case. In addition, he says that he wants to call Peter Erickson, the security director at the Green Bay Correctional Institution, as a witness at trial. For the reasons explained below, I am denying the motion with respect to both issues.

The confidential informants are prisoners at the Green Bay prison who allegedly told defendant Swiekatowaski that plaintiff was engaging in gang activity. Other prison officials relied on those statements in finding plaintiff guilty of gang-related behavior. Perhaps not

1

surprisingly, plaintiff has been attempting to learn the names of those prisoners for several years.  He wanted to call the informants as witnesses at his disciplinary hearing, but that request was denied.  He then requested information about those witnesses after he filed this case in the context of discovery, but I denied the request on the ground that plaintiff had not shown that the information was relevant to his claims.  Dkt. #55.    Now, plaintiff says in his motion that he needs the identities and location of the confidential informants so that he can call them as witnesses in an attempt to contradict Swiekatowski's testimony in his affidavit that the confidential informants told Swiekatowski that plaintiff had ordered "hits" on other prisoners.

As an initial matter, plaintiff's motion may be barred by the law of the case.  Although I concluded before the appeal that the names of the confidential informants are not relevant to plaintiff's claims, he did not raise that issue with the court of appeals.  "Under the doctrine of the law of the case, a ruling by the trial court, in an earlier stage of the case, that could have been but was not challenged on appeal is binding in subsequent stages of the case."  Schering Corp. v. Illinois Antibiotics Co., 89 F.3d 357, 358 (7th Cir. 1996).

Even if I disregard the law of the case, plaintiff still has not explained persuasively why he needs to cross-examine the confidential informants to help prove his claim.  The question remaining in this case is not whether plaintiff was trying to harm other prisoners, but whether defendant was trying to harm plaintiff.  Particularly because of the security concerns related to disclosing the names of the informants to plaintiff, I am not persuaded that plaintiff is entitled to that information.  Plaintiff cites a number of cases regarding a

criminal defendant's right to confront his accusers, but those cases do not apply in a civil case such as this one.

With respect to plaintiff's request to call Peter Ericksen as a witness, plaintiff is free to ask Ericksen if he will testify voluntarily.  However, to the extent that plaintiff is requesting a subpoena to require Ericksen's presence at the trial, I am denying the request because plaintiff has not followed the procedure for calling witnesses set out in the attachment to the preliminary pretrial conference order.  Dkt. #32.

Under those procedures, if plaintiff wishes to subpoena an unincarcerated witness, he must submit an affidavit or declaration in which he avers that (1) he has contacted each witness to request his or her voluntary testimony and the witness has refused to grant the request; (2) he has attempted to locate a person over the age of 18 to serve the subpoenas for him and has failed in that regard; (3) he requires the assistance of the United States Marshal to serve the subpoenas for him; and (if he does) (4) he is prepared to tender to the marshal a check or money order made payable to each witness in the amount necessary to cover the daily witness fee ($40), the witness's mileage (at $.56 per mile) and the daily subsistence fee for those witnesses required to stay in Madison overnight ($145 for each witness for each night).  Because plaintiff has not complied in any respect with the procedures for obtaining subpoenas, I will deny his request without prejudice to his re-filing his motion no later than four weeks before trial.

ORDER

IT IS ORDERED that "Plaintiff's Motion to List Other Prisoners and Former Defendant as Adversarial Witnesses," dkt. #136, is DENIED.

Entered this 3d day of September, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

4