IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GLENN T. TURNER,

                    Plaintiff,                         OPINION and ORDER

          v.                                   11-cv-708-bbc

WILLIAM SWIEKATOWSKI,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This case is scheduled for trial on November 17, 2014.  The issue to be tried is pro se prisoner Glenn T. Turner's claim that defendant William Swiekatowaski (a prison guard) attempted to incite other prisoners to attack plaintiff while he was housed at the Green Bay Correctional Institution several years ago.  (Plaintiff  has since been transferred to the Wisconsin Secure Program Facility.)  In particular, plaintiff alleges that defendant told other prisoners that plaintiff had put "hits" out on them, that they needed to attack plaintiff before he attacked them and that defendant would improve their conditions of confinement if they agreed to initiate a fight with plaintiff.  Defendant denies this and says that he simply spoke to prisoners as part of an investigation to determine the extent of plaintiff's gang activity.

      Both sides have filed motions in limine.  In addition, plaintiff has filed a motion to reconsider two previous rulings, along with objections to some of defendant's pretrial

1

disclosures.  I have addressed each of these issues below.

OPINION

A.  Plaintiff's Motions in Limine

Plaintiff has filed 20 motions in limine to exclude various types of evidence, but in most of his motions, he did not explain *why* he believed the evidence should be excluded. As a result, I have assumed that plaintiff is objecting on relevancy grounds and I have considered whether defendant has identified any admissible purpose for introducing the evidence at issue.

1.  Motion to exclude references to plaintiff's alleged gang affiliation, dkt. #141

Defendant argues that plaintiff's alleged gang affiliation is relevant because plaintiff's claim in this case arises out of the investigation defendant was conducting about possible gang activity by plaintiff.  Because I agree with defendant that it will be necessary for him to explain the context of his investigations, I am denying this motion.

2.  Motion to exclude evidence of plaintiff's criminal conviction, dkt. #142

Under Fed. R. Civ. P. 609, the general rule is that a party may introduce the criminal convictions of a witness to challenge the witness's credibility if it has been fewer than 10 years since the witness finished serving the sentence.   In particular, "it is appropriate to reveal the title, date, and disposition of the offense." United States v. Lewis, 641 F.3d 773,

783 (7th Cir. 2011). In this case, plaintiff is still serving the sentence for the conviction that defendant wishes to introduce (homicide), so the general rule applies. Although the conviction may be excluded under Fed. R. Evid. 403 if the probative value of the conviction is substantially outweighed by the danger of unfair prejudice, plaintiff does not develop an argument that the convictions are unfairly prejudicial. Accordingly, I am denying this motion. If plaintiff testifies at trial, he may be questioned about his prior criminal convictions if they meet the requirements of Rule 609.

3. <u>Motion to exclude any reference to "any violent, assaultive actions, conduct or ideals that may be known, assumed or perceived by them against or dealing with the plaintiff at any point in any manner that is not directly and specifically relating to the allegations" in this case, dkt. #143</u>

Defendant says that he does not object to this motion, except that he wishes to introduce evidence that he received relating to plaintiff's alleged involvement in the Gangster Disciples and his alleged ordering of "hits" on other prisoners. Because both types of evidence are relevant to showing the reasons for defendant's investigation and why he was speaking to other prisoners, I will deny plaintiff's motion with respect to that evidence but otherwise grant it as unopposed.

4. <u>Motion to exclude evidence of plaintiff's disciplinary record, dkt. #144</u>

Defendant does not oppose this motion, with the exception that he wants to

introduce the conduct report that he issued related to plaintiff's alleged gang activity.  The conduct report is evidence that defendant was speaking with other prisoners to investigate possible gang activity rather than to incite violence, so defendant should be permitted to testify that he issued the conduct report and summarize the charges.  However, defendant does not explain why the precise contents of the conduct report are relevant.  Particularly because there is a risk that the jury could consider the conduct report for the truth of the allegations in the report rather than for its permissible purpose, I will allow defendant to introduce the report only if all the substantive allegations in the report and the report's disposition are redacted.

5.  <u>Motion to exclude evidence that plaintiff "is housed in the state's most secure prison that is the Wisconsin Secure Program Facility," dkt. #145</u>

I agree with plaintiff that there is no need for evidence or argument that plaintiff is housed at "the state's most secure prison," but it would be difficult to avoid any mention of plaintiff's current location, where he has been housed for several years.  Particularly because the name of the prison should have little or no prejudicial effect on plaintiff, I decline to preclude counsel and all witnesses from mentioning the name of the Wisconsin Secure Program Facility.  However, I am granting plaintiff's motion with respect to any evidence or argument regarding a description of the prison or the reasons that plaintiff is there.

6.  <u>Motion to exclude evidence that plaintiff is in "long-term indefinite non-punitive</u>

segregation status," dkt. #146

I am granting this motion because I see no relevance to the type of status in which plaintiff is housed.

7. <u>Motion to exclude references to gangs, dkt. #147</u>

I am denying this motion for the same reason that I am denying plaintiff's motion in limine no. 1 regarding his gang affiliation.

8. <u>Motion in limine to exclude evidence of the convictions of plaintiff's witness De'Carlos Young, dkt. #148</u>

I am denying this motion for the same reason that I am denying plaintiff's motion in limine no. 2 regarding plaintiff's own conviction.

9. <u>Motion to exclude evidence of criminal activities by witness Young that did not result in a criminal conviction, dkt. #149</u>

I am granting this motion as unopposed.

10. <u>Motion to exclude evidence of witness Young's gang activity, dkt. #150</u>

In Young's declaration, he says that defendant came to his cell and attempted to incite him to attack plaintiff.  Dkt. #162.  I agree with defendant that Young's alleged gang involvement is relevant to showing the reason why defendant interviewed Young.

Accordingly, I am denying this motion.

11. <u>Motion to exclude evidence of witness Young's disciplinary record, dkt. #151</u>

I am granting this motion with the exception that defendant may introduce evidence of any disciplinary history related to Young's gang activity.

12. <u>Motion to exclude evidence of "previously unshared, unrevealed and withheld information or date which may tend to incriminate or impeach any of Plaintiff's witnesses," dkt. #152</u>

I am granting this motion as unopposed with respect to any information plaintiff sought in discovery. I am denying this motion in all other respects because a party does not have an independent obligation to disclose information used solely for impeachment. Fed. R. Civ. P. 26(a)(1)(A) and (a)(3)(A).

13. <u>Motion to exclude evidence of criminal conduct by witness Michael Johnson that did not result in a conviction, dkt. #153</u>

14. <u>Motion to exclude evidence of criminal conduct by witness Anthony Smith that did not result in a conviction, dkt. #154</u>

15. <u>Motion to exclude evidence of Smith's disciplinary record, dkt. #155</u>

I am denying these motions as moot because I have denied plaintiff's request to call Johnson and Smith as witnesses. Dkt. #167. (I denied these requests because Johnson and

Smith did not have personal knowledge of any admissible evidence.  Rather, they planned to testify about conversations they had with other prisoners, who allegedly told Smith and Johnson about conversations the other prisoners had with defendant.)

16. <u>Motion to exclude evidence of the disciplinary records of all of plaintiff's witnesses, dkt. #156</u>

The disciplinary records of all of plaintiff's witnesses have been addressed by other motions, with the exception of Benny Choice.  Because defendant does not identify any reason that Choice's disciplinary records would be relevant, I am granting the motion as to Choice.

17. <u>Motion to exclude evidence related to the confidential informants, dkt. #157</u>

When defendant issued a conduct report to plaintiff for gang activity, defendant relied in part on the statements of three confidential informants.  Because the information defendant received from the informants is relevant to the reason that defendant was conducting his investigation, I cannot exclude all the evidence related to those informants.  However, testimony and other evidence related to the informants should be limited to what is necessary to provide context for the investigation and the reasons defendant was interviewing prisoners.  Further, defendant may not rely on any evidence related to the informants that has not been disclosed to plaintiff.

18.   <u>Motion to exclude evidence related to conduct report #1939772, dkt. #158</u>

This is the same conduct report discussed in the context of plaintiff's motion in limine no. 4.  Because I have concluded that the conduct report is relevant to the issues in this case, I am denying this motion so long as the substantive allegations and disposition of the conduct report are redacted.

19.   <u>Motion to exclude evidence of defendant's investigation into plaintiff's alleged gang activity, dkt. #159</u>

I am denying this motion because it will be necessary for defendant to testify about the investigation in order to explain why he was interviewing prisoners.

20. <u>Motion to exclude evidence that plaintiff had placed "hits" on others or had attempted to do so, dkt. #160</u>

I am denying this motion because this information is central to the defense. Defendant says that he was interviewing prisoners not because he was trying to incite other prisoners to attack plaintiff but in part because of his belief that *plaintiff* was planning attacks on other prisoners.  Thus, defendant is entitled to explain why he believed this and how he used that information to conduct his investigation.

B.   <u>Defendant's Motions in Limine</u>

1. <u>Motion to introduce evidence of plaintiff's conviction and convictions of two prisoner</u>

witnesses, dkt. #174

I am granting this motion for the same reason that I denied plaintiff's motions to exclude this evidence.  Accordingly, defendant will be allow to introduce evidence of the plaintiff's 1992 homicide conviction, Choice's 2007 armed robbery convictions and Young's 2002 homicide and escape convictions.

2.  Motion to exclude evidence related to those defendants and issues dismissed by the court at summary judgment and affirmed on appeal, dkt. #174

I am granting this motion because plaintiff has not identified any evidence falling into this category that is relevant to the issues that are being tried.

3.  Motion to exclude evidence of "actions of the Defendant beyond the events related to Plaintiff's claim that Defendant deliberately exposed him to a dangerous risk, without proper foundation and relevance," dkt. #174

I am denying this motion because it is far too vague.  Of course, both sides are limited to introducing evidence that is relevant and otherwise consistent with the Federal Rules of Evidence, but stating that in an order does not provide any guidance to the parties.  Motions in limine should be limited to specific, concrete evidentiary issues that can be resolved before trial.

C.  Plaintiff's Motion for Reconsideration, dkt. #188

Plaintiff seeks reconsideration of two rulings.  First, in an order dated September 26, 2014, dkt. #167, I denied his petition for a writ of habeas corpus ad testificandum with respect to prisoner Michael Johnson because plaintiff did not identify any inadmissible testimony that Johnson would offer.  In his motion, plaintiff argues for the first time that Johnson can testify about "threats and plots being hatched, planned and conceived against plaintiff's life and safety by Muslim prisoners as a result of false rumors spread by defendant Swiekatowski."  Dkt. #188.  However, plaintiff did not provide a declaration as required by this court's witness procedures and he did not describe with any specificity the content of Johnson's proposed testimony, so I am denying that aspect of his motion for reconsideration.

It has also come to my attention that I overlooked two witnesses that plaintiff included in his original petition for writs of habeas corpus ad testificandum, Sidney Key and Johnathan Mayes.  Dkt. #161.  Plaintiff has not asked for reconsideration with respect to those prisoners,  but, for the sake of completeness, I will explain why petitioner is not entitled to call those witnesses.  With respect to Key, plaintiff did not submit an affidavit or declaration from Key in which Key stated that he agreed to testify voluntarily and identified the content of his proposed testimony.  Mayes submitted a declaration, dkt. #166, but his proposed testimony is not admissible because it relies on hearsay from other prisoners.

Plaintiff's second request for reconsideration relates to an order dated September 3, 2014, dkt. #139, in which I denied plaintiff's motion to require defendant to disclose the

identities of three confidential informants.  The confidential informants are prisoners at the Green Bay Correctional Institution prison who allegedly told defendant that plaintiff was engaging in gang activity.  Other prison officials relied on those statements in finding plaintiff guilty of gang-related behavior.  Plaintiff argued that he needs the identities and location of the confidential informants so that he can call them as witnesses in an attempt to contradict defendant's anticipated testimony that the confidential informants told Swiekatowski that plaintiff had ordered "hits" on other prisoners.

I denied plaintiff's motion for two reasons.  First, plaintiff's motion was barred by the law of the case because I concluded before the appeal that the names of the confidential informants are not relevant to plaintiff's claims and he did not raise that issue with the court of appeals.  Schering Corp. v. Illinois Antibiotics Co., 89 F.3d 357, 358 (7th Cir. 1996) ("Under the doctrine of the law of the case, a ruling by the trial court, in an earlier stage of the case, that could have been but was not challenged on appeal is binding in subsequent stages of the case.").  Second, plaintiff did not explain persuasively why he needs to cross-examine the confidential informants to help prove his claim. The question remaining in this case is not whether plaintiff was trying to harm other prisoners, but whether defendant was trying to harm plaintiff.  Particularly because of the security concerns related to disclosing the names of the informants to plaintiff, I was not persuaded that plaintiff was entitled to that information.

In his motion for reconsideration, plaintiff argues that he should be allowed to call the confidential informants as witnesses because defendant has listed as a trial exhibit the

11

conduct report in which defendant relied on the statements of the informants to find that plaintiff was participating in gang activity. Again, however, the issue for trial is not whether plaintiff should have been disciplined, which is why I am limiting the purposes for which defendant may rely on the conduct report. The Court of Appeals for the Seventh Circuit affirmed this court's decision to grant summary judgment to defendant with respect to the validity of the conduct report, so plaintiff may not relitigate that issue at trial.

## D.  Plaintiff's Objections

### 1.  Exhibits

Plaintiff has filed a document in which he objects again to introducing his conduct report as an exhibit. He says that the report should be excluded because it relies on hearsay of confidential informants and he was found not guilty of one of the three charges in the conduct report (aiding and abetting battery). Plaintiff's objections are misguided. Hearsay objections are appropriate when the party is offering an exhibit to prove that the information in the exhibit is true. Fed. R. Civ. P. 801(c)(2). In this case, it does not matter whether confidential informants were telling the truth about plaintiff. The conduct report is relevant, not because it proves that plaintiff is involved in gang activity, but simply because it is evidence related to defendant's *investigation* of gang activity. In other words, even if the confidential informants were lying, the conduct report is evidence that defendant was interviewing prisoners as part of his investigation rather than to incite violence. Further, because I am requiring defendant to redact the portions of the conduct report that include

the allegations of the informants, plaintiff is not unfairly prejudiced.

2.  Witnesses

Plaintiff asks the court to preclude Jay VanLanen from testifying because defendant has not identified any relevant testimony that VanLanen may provide.  At the final pretrial conference, I will give defendant an opportunity to explain why he has included VanLanen on his witness list.  If it turns out that VanLanen cannot provide relevant testimony or that defendant should have disclosed the witness earlier, VanLanen will not be permitted to testify.

3.  Jury instructions

Plaintiff has asked the court to "strike" two of defendant's proposed jury instructions. The first instruction relates to compensatory damages:

If you decide for the Plaintiff on the question of liability, the Court has determined that the Plaintiff has not stated a claim for compensatory damages and you must return a verdict for Plaintiff in the amount of one dollar ($1.00).

Dkt. #178 at 9.  Because it is undisputed that plaintiff is not entitled to any compensatory damages, it is not necessary to instruct the jury on that issue.  If the jury finds that defendant violated plaintiff's constitutional rights, I will award plaintiff one dollar in nominal damages.

Plaintiff's second objection relates to defendant's proposed instruction on punitive damages.  In particular, the proposed instruction states that one of the factors the jury may

13

consider in determining punitive damages is "the relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered."  Plaintiff cites <u>Thomas v. Illinois</u>, 697 F.3d 612, 614-16 (7th Cir. 2012), and <u>Calhoun v. DeTella</u>, 319 F.3d 936, 941-42 (7th Cir. 2003), for the proposition that a party "need not have suffered any actual or physical harm to qualify for any level of punitive damages."  Dkt. #187 at 1.  However, defendant's proposed jury instruction does not say that compensable harm is a requirement for punitive damages, but rather that the amount of harm is one of many factors that the jury may consider, so the instruction is not contrary to <u>Thomas</u> or <u>Calhoun</u>.  Particularly because the defendant's proposed language is taken directly from Instruction 7.24 of the Federal Civil Jury Instructions of the Seventh Circuit, I see no reason to remove that language at this time.

## ORDER

IT IS ORDERED that

1.  Plaintiff Glenn Turner's motions in limine are decided as follows:

> (1)  Motion to exclude references to plaintiff's alleged gang affiliation, dkt. #141, is DENIED;

> (2)  Motion to exclude evidence of plaintiff's criminal conviction, dkt. #142, is DENIED.  Defendant may present evidence revealing the title, date and disposition of the offense;

> (3)  Motion to exclude any reference to "any violent, assaultive actions, conduct or ideals that may be known, assumed or perceived by them against or dealing with the plaintiff at any point in any manner that is

not directly and specifically relating to the allegations" in this case, dkt. #143, is DENIED as to information that defendant received relating to plaintiff's alleged involvement in the Gangster Disciples and his alleged ordering of "hits" on other prisoners.  Otherwise, the motion is GRANTED as unopposed;

(4)   Motion to exclude evidence of plaintiff's disciplinary record, dkt. #144, is GRANTED, except that defendant may introduce conduct report #1939772 if the substantive allegations and disposition of the conduct report are redacted;

(5)   Motion to exclude evidence that plaintiff "is housed in the state's most secure prison that is the Wisconsin Secure Program Facility," dkt. #145, is GRANTED except that witnesses will not be precluded from identifying the name of the prison where plaintiff is currently housed;

(6)   Motion to exclude evidence that plaintiff is in "long-term indefinite non-punitive segregation status," dkt. #146, is GRANTED;

(7)   Motion to exclude references to gangs, dkt. #147, is DENIED;

(8)   Motion in limine to exclude evidence of the convictions of plaintiff's witness De'Carlos Young, dkt. #148, is DENIED;

(9)   Motion to exclude evidence of criminal activities by witness Young that did not result in a criminal conviction, dkt. #149, is GRANTED as unopposed;

(10)   Motion to exclude evidence of witness Young's gang activity, dkt. #150, is DENIED;

(11)   Motion to exclude evidence of witness Young's disciplinary record, dkt. #151, is GRANTED with the exception of any disciplinary history related to gang activity;

(12)   Motion to exclude evidence of "previously unshared, unrevealed and withheld information or date which may tend to incriminate or impeach any of Plaintiff's witnesses," dkt. #152, is GRANTED as unopposed as to any information plaintiff sought in discovery. The motion is DENIED as to other evidence that is related solely to impeachment;

15

(13-15)    Motion to exclude evidence of criminal conduct by witness Michael Johnson that did not result in a conviction, dkt. #153, Motion to exclude evidence of criminal conduct by witness Anthony Smith that did not result in a conviction, dkt. #154, and Motion to exclude evidence of Smith's disciplinary record, dkt. #155, are DENIED as moot;

(16)    Motion to exclude evidence of the disciplinary records of Benny Choice, dkt. #156, is GRANTED as unopposed;

(17)    Motion to exclude evidence related to the confidential informants, dkt. #157, is DENIED except that testimony and other evidence related to the informants should be limited to what is necessary to provide context for defendant's investigation and the reasons defendant was interviewing prisoners.   Further, defendant may not rely on any evidence related to the informants that has not been disclosed to plaintiff;

(18)    Motion to exclude conduct report #1939772, dkt. #158, is DENIED so long as defendant redacts the substantive allegations and disposition of the conduct report;

(19)    Motion to exclude evidence of defendant's investigation into plaintiff's alleged gang activity, dkt. #159, is DENIED.

(20)    Motion to exclude evidence that plaintiff had placed "hits" on others or had attempted to do so, dkt. #160, is DENIED.

2.    Defendant's motions in limine are decided as follows:

(1)    Motion to introduce evidence of plaintiff's conviction and convictions of two prisoner witnesses, dkt. #174, is GRANTED;

(2)    Motion to exclude evidence related to those defendants and issues dismissed by the court at summary judgment and affirmed on appeal, dkt. #174, is GRANTED;

(3)    Motion to exclude evidence of "actions of the Defendant beyond the events related to Plaintiff's claim that Defendant deliberately exposed him to a dangerous risk, without proper foundation and relevance," dkt. #174, is DENIED as too vague.

16

3.  Plaintiff's motion for reconsideration, dkt. #188, is DENIED.

Entered this 7th day of November, 2014.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge