IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GLENN T. TURNER,

                    Plaintiff,                                  ORDER

       v.                                                  11-cv-708-bbc

WILLIAM SWIEKATOWSKI,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

This case is scheduled for trial on November 17, 2014. The issue to be tried is pro se prisoner Glenn T. Turner's claim that defendant William Swiekatowaski (a prison guard) attempted to incite other prisoners to attack plaintiff while he was housed at the Green Bay Correctional Institution several years ago. Now before the court is another motion for reconsideration that plaintiff has filed related to prisoners that plaintiff wishes to call as witnesses at trial. In this motion, plaintiff argues that the court erred in denying his petition for writs of habeas corpus ad testificandum for prisoners Michael Johnson and Johnathan Mayes, who identifies himself as plaintiff's cousin. Dkt. #191.

In his motion, plaintiff says that Johnson "could give direct testimony that there were Muslims planning and plotting to attack Plaintiff as a result of and direct result to Defendant Swiekatowski's actions of spreading the false rumors that plaintiff had put hits out on Muslims and Defendant's intentionally attempting to incite Muslim prisoners to

1

attack plaintiff." However, the declaration that plaintiff submitted from Johnson does not support plaintiff's characterization of Johnson's proposed testimony. Rather, Johnson averred in his declaration that he had overheard other prisoners "discussing a possible attack" on plaintiff because they believed that plaintiff had "put hits out on Muslims." Dkt. #164. That proposed testimony is not evidence that *defendant* was trying to incite prisoners to attack plaintiff, so it would be unfairly prejudicial to allow plaintiff to rely on that testimony at trial.

Originally, I denied plaintiff's request to bring Mayes to trial on the ground that his testimony relied on hearsay from other prisoners. Dkt. #190 at 10. In his motion for reconsideration, plaintiff says that Mayes's testimony "is based upon the fact of what Defendant Swiekatowski personally communicated to him that he (Mr. Mayes) should not be around plaintiff because the Muslims are going to get plaintiff."

Plaintiff's statement that Mayes's testimony is "based upon" a conversation Mayes had with defendant is misleading. Nearly all of the declaration that plaintiff submitted from Mayes relates to statements Mayes heard from other prisoners. However, a second review of the declaration shows that Mayes included one sentence on the last page of his declaration in which he avers that defendant told him that "the Muslims are going to get" plaintiff. Dkt. #166.

Plaintiff is correct that the one alleged statement from defendant is not hearsay, but the proposed testimony has other problems. First, the declaration plaintiff submitted from Hayes is from April 2012 and Mayes does not say in the declaration that he is willing to

2

testify without a subpoena. Although plaintiff says generally that all of his witnesses "communicated . . . to him personally" that they were willing to testify for him, he does not say when and where Mayes informed him of this, as required by the court's witness procedures. Dkt. #140 at 14. This reason alone is sufficient to deny plaintiff's motion.

Second, defendant's alleged statement does not show that defendant was inciting other prisoners to harm plaintiff. At most, it could show that defendant was aware of a risk that other prisoners wanted to harm plaintiff. However, defendant admits in his affidavit that he believed that plaintiff was engaged in potentially violent disputes with other prisoners, so the alleged statement adds little to the case.

In making a determination whether to grant a petition for a writ of habeas corpus ad testificandum, the court must consider whether the prisoner's testimony is sufficiently important to outweigh "the costs and inconvenience of transporting a prisoner from his place of incarceration to the courtroom" and "any potential danger or security risk which the presence of a particular inmate would pose to the court." Stone v. Morris, 546 F.2d 730, 735-36 (7th Cir. 1976). In this case, the probative value of Mayes's testimony is limited. Particularly because I have granted writs with respect to two other prisoners who have averred that defendant attempted to incite them to attack plaintiff, I cannot conclude that any potential benefit that Mayes's testimony could bring to plaintiff's case is significant enough to outweigh the costs.

ORDER

IT IS ORDERED that plaintiff Glenn Turner's motion for reconsideration, dkt. #191, is DENIED.

Entered this 14th day of November, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge