IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GLENN T. TURNER,

                Plaintiff,                OPINION and ORDER

    v.                                            11-cv-708-bbc

WILLIAM SWIEKATOWSKI,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      A jury found in favor of defendant William Swiekatowski on plaintiff Glenn T. Turner's claim that defendant violated plaintiff's Eighth Amendment rights by encouraging other prisoners to assault him. Now before the court is plaintiff's motion for a new trial under Fed. R. Civ. P. 59.

      Plaintiff raises a number of arguments in his briefs, but they fall into three categories: (1) the court did not instruct the jury properly on the elements of his claim; (2) the court improperly admitted evidence regarding an alleged confidential informant; and (3) the court should have appointed counsel for him. (In his reply brief, he argues for the first time that the jury's verdict was against the weight of the evidence, but he forfeited that argument by failing to raise it in his opening brief. Casna v. City of Loves Park, 574 F.3d 420, 427 (7th Cir. 2009).) For the reasons discussed below, I am denying plaintiff's motion for a new trial.

1

OPINION

A. Special Verdict and Instructions

The special verdict form in this case included three questions on liability, which were repeated and further explained in the jury instructions:

> Question No. 1 asks, "Did defendant William Swiekatowski's conversations with prisoners during his investigation subject plaintiff Glenn Turner to a substantial risk that one or more prisoners would seriously harm plaintiff?"
>
> A substantial risk is more than a mere possibility of harm, but less than a certainty.
>
> Question No. 2 asks, "Was defendant Swiekatowski aware of the risk described in Question No. 1?"
>
> It is not enough for plaintiff to prove that defendant could have known or should have known about the risk. However, you may infer that defendant was aware of a substantial risk from the fact that the risk was obvious. If you find that defendant strongly suspected facts showing a substantial risk of serious harm, but refused to confirm that these facts were true, you should find that defendant was aware of the risk.
>
> Question No. 3 asks, "Did defendant Swiekatowski consciously refuse to take reasonable measures to prevent plaintiff from being harmed by other prisoners?"
>
> In deciding whether defendant consciously failed to take reasonable measures, you may consider whether it was practical for defendant to take corrective action or whether defendant had legitimate reasons related to safety or security for failing to take corrective action.

Dkt. #195.

If the jury answered "yes" to each of those questions, the instructions and verdict form directed the jury to answer a question regarding punitive damages. (Because it was undisputed that plaintiff was not physically injured by defendant's conduct, the verdict did

not include a question regarding compensatory damages. 42 U.S.C. § 1997e(e); Pearson v. Welborn, 471 F.3d 732, 744 (7th Cir. 2006).)

The jury answered "yes" to Question No. 1 and Question No. 2, but "no" to Question No. 3, which meant that the jury found that plaintiff had not proven all the elements of his claim. Although the jury was instructed not to answer Question No. 4 if it answered "no" to Question No. 3, the jury answered "no" to Question No. 4 as well. Dkt. #196.

In his motion, plaintiff challenges the verdict form and jury instructions on several grounds: (1) the court did not instruct the jury on a "deliberate indifference" claim; (2) Question No. 2 and Question No. 3 on the verdict form did not accurately reflect the elements of plaintiff's claim; (3) Question No. 3 led the jury to believe that plaintiff needed to prove harm as a separate element; (4) Question No. 3 was improper because defendant did not adduce any evidence related to that question.

In response, defendant argues that plaintiff forfeited all of these arguments by failing to object to the jury instructions or the verdict form at trial. Defendant cites two portions of the transcript in which plaintiff stated, "no, Ma'am," when the court asked plaintiff whether he had any objections to the instructions or the verdict form. Dkt. #203 at 125 and 129. In addition, defendant argues that the jury instructions and verdict form stated the law accurately.

In his reply brief, plaintiff argues first that he did object to the instructions and verdict, but the portion of the transcript he cites shows that he objected only to the verdict question related to punitive damages. Id. at 100. Because the jury found that defendant did

3

not violate plaintiff's constitutional rights (by answering "no" to Question No. 3), any problems with the verdict or instructions related to damages could not have affected the outcome of the case.

Alternatively, plaintiff argues that the court "committed plain error when it chose to offer additional special verdict questions, which did not meet any burden of proof standard or needs/requirements, and again when the court offered vague and confusing instructions." Dkt. #205 at 2. Plaintiff did not make a plain error argument in his opening brief, so that argument is forfeited. Casna, 574 F.3d at 427. Further, he did not develop the argument in his reply brief. In a civil case, if a party does not object to an asserted error during trial, he may seek a new trial only if he shows not only that the error is obvious, but also that the error affected his substantial rights and resulted in a miscarriage of justice. Spaine v. Community Contacts, Inc., 756 F.3d 542, 545 (7th Cir. 2014); Reynolds v. Tangherlini, 737 F.3d 1093, 1105 (7th Cir. 2013); Higbee v. Sentry Insurance Co., 440 F.3d 408, 409 (7th Cir. 2006). Plaintiff has not made any of those showings.

In any event, plaintiff has not cited any authority suggesting that either the verdict form or the jury instructions are an inaccurate statement of the law. Rather, both the verdict form and the instructions track the relevant law with respect to deliberate indifference claims such as plaintiff's. The first two questions and accompanying instructions required plaintiff to show that defendant was aware of a substantial risk of serious harm to plaintiff. Farmer v. Brennan, 511 U.S. 825, 837 (1994)("[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he

must also draw the inference."); Pinkston v. Madry, 440 F.3d 879, 889 (7th Cir. 2006) ("[T]here must be a strong likelihood rather than a mere possibility that violence will occur.") (internal quotations omitted). The third question and accompanying instruction required plaintiff to show that defendant consciously refused to take reasonable measures to protect plaintiff. Farmer, 511 U.S. at 842 (plaintiff must show "that the official acted or failed to act despite his knowledge of a substantial risk of serious harm"); Santiago v. Walls, 599 F.3d 749, 756 (7th Cir. 2010) (plaintiff must show "a conscious, culpable refusal to prevent the harm"); Rosario v. Brawn, 670 F.3d 816, 821-22 (7th Cir. 2012) ("Although we require that prison officials act reasonably when presented with a detainee's substantial risk of harm, we do not assess the officers' actions according to a mere negligence standard. . . . We have even characterized the standard as imposing a high hurdle on plaintiffs because it requires a showing as something approaching a total unconcern for the prisoner's welfare in the face of serious risks.").

Although it is true that the neither the jury instructions nor the verdict form used the phrase "deliberate indifference," the reason for that was to *prevent* confusion by the jury regarding a legal term that is not familiar to most people. As defendant points out, Question No. 2 and Question No. 3 accurately reflect the way that "deliberate indifference" is defined in this circuit's pattern jury instructions:

> When I use the term "deliberately indifferent," I mean that Defendant actually knew of a substantial risk of [[serious harm] or [describe specific harm to Plaintiff's health or safety]], and that Defendant consciously disregarded this risk by failing to take reasonable measures to deal with it. [In deciding whether Defendant failed to take reasonable measures, you may consider whether it was practical for him to take corrective action.]

5

> [If Defendant took reasonable measures to respond to a risk, then he was not deliberately indifferent, even if Plaintiff was ultimately harmed.]

Federal Civil Jury Instructions of the Seventh Circuit § 7.14.

The only particular aspect of the liability verdict questions or instructions that plaintiff challenges is Question No. 3, which he says led the jury to believe "that he was actually harmed by another prisoner as a result of defendant's actions." Plt.'s Br., dkt. #202, at 7. Although the pattern instructions list harm as a separate element of a deliberate indifference claim, Federal Civil Jury Instructions of the Seventh Circuit § 7.11, I omitted that element from the verdict and the instructions in accordance with the decision of the Court of Appeals of the Seventh Circuit. Turner v. Pollard, 564 F. App'x 234 (7th Cir. 2014). Question No. 3 asked whether defendant acted reasonably "to prevent plaintiff from being harmed," but this simply reflects the requirement that plaintiff show that defendant failed to protect him from a substantial risk of serious harm. Even now, plaintiff does not identify another way that the question should have been worded to make it clearer.

Plaintiff's potentially strongest argument is one that he makes in one sentence in his opening brief. In particular, plaintiff says that "[d]efendant Swiekatowaki never presented [any] evidence or testimony during trial which showed that he took any measures to prevent plaintiff from being harmed by other prisoners." Plt.'s Br., dkt. #202, at 6. Although plaintiff does not develop this argument, I understand him to be saying that the court should not have included Question No. 3 on the verdict form because there was no evidence at trial that defendant took any steps to protect him.

As discussed above, it is well established that Question No. 3 accurately reflects one

of the elements of plaintiff's claim. Thus, plaintiff would not have been entitled to omit that question from the verdict form unless he had moved for judgment as a matter of law on that issue before the close of all the evidence and then renewed that motion after the jury returned its verdict. Fed. R. Civ. P. 50(a) and (b). Because plaintiff never moved for judgment as a matter of law, I cannot consider this argument. Maher v. City of Chicago, 547 F.3d 817, 824 (7th Cir. 2008) (party's "failure to file a pre-judgment motion under Rule 50(a) prevents this court from reviewing the sufficiency of a jury verdict"). Further, unlike Rule 51(d)(2), which allows a court to consider a plain error in the jury instructions even if the party did not object, Rule 50 does not include a "plain error" exception, so plaintiff cannot rely on that doctrine as a reason to overlook his failure to file a timely Rule 50 motion.

### B. Testimony Regarding Confidential Informant

Before trial, the parties debated the extent to which defendant could rely on information defendant learned from confidential informants. In the order on the motions in limine, I wrote the following about that issue:

> When defendant issued a conduct report to plaintiff for gang activity, defendant relied in part on the statements of three confidential informants. Because the information defendant received from the informants is relevant to the reason that defendant was conducting his investigation, I cannot exclude all the evidence related to those informants. However, testimony and other evidence related to the informants should be limited to what is necessary to provide context for the investigation and the reasons defendant was interviewing prisoners. Further, defendant may not rely on any evidence related to the informants that has not been disclosed to plaintiff.

Dkt. #190 at 7.

In his motion, plaintiff does not challenge that ruling, but argues that defendant violated it by testifying about information that defendant had not disclosed before trial that he said he received from a confidential informant related to De'Carlos Young, a prisoner who testified on plaintiff's behalf. In response, defendant points out that it was *plaintiff* who asked the question that elicited the testimony to which plaintiff now objects. Trial Trans., dkt. #203, at 60. In fact, when plaintiff asked the question, defense counsel asked for a sidebar, during which he warned plaintiff that his question likely would elicit testimony about the confidential informant, id. at 58, but plaintiff chose to ask the question anyway.

In his reply brief, plaintiff does not deny he elicited the testimony at issue. Instead, he repeats that the testimony violated the court's order and states that he had objected to the testimony before trial. However, regardless whether the testimony was admissible, plaintiff cannot obtain a new trial because of testimony that defendant gave as a direct response to questions that plaintiff asked. If plaintiff did not want to defendant to discuss the issues related to the confidential informant, then plaintiff should not have asked those questions. Cf. Sanchez v. City of Chicago, 700 F.3d 919, 925 (7th Cir. 2012) ("[A litigant] is in no position to complain . . about an instruction that [he] proposed and that was given over the objection of the defendants.").

In any event, an erroneous evidentiary ruling is a ground for a new trial only if "the error likely affected the outcome of the trial." Wilson v. City of Chicago, 758 F.3d 875, 882 (7th Cir. 2014). In this case, plaintiff does not explain in his opening brief or his reply

8

brief how the testimony at issue prejudiced him, let alone affected the outcome of the trial.

### C. Assistance in Recruiting Counsel

In one paragraph in his opening brief, plaintiff repeats his argument that the court should have appointed counsel for him. In an order dated July 9, 2014, dkt. #135, I explained why I believed that plaintiff was capable of representing himself at trial. Because plaintiff raises no new arguments challenging that conclusion, I see no reason to reconsider it.

### ORDER

IT IS ORDERED that plaintiff Glenn Turner's motion for a new trial, dkt. #201, is DENIED.

Entered this 26th day of January, 2015.

                                           BY THE COURT:
                                           /s/
                                           BARBARA B. CRABB
                                           District Judge