IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GLENN T. TURNER,

                      Plaintiff,                                 ORDER

     v.                                                         11-cv-708-bbc

WILLIAM SWIEKATOWSKI,

                      Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On February 25, 2015, I ordered plaintiff Glenn Turner to pay $11.83 as a partial payment of the $505 fee for filing his appeal. Instead of submitting his initial partial fee, plaintiff has submitted a motion for reconsideration of the February 25 order. He contends that he should be allowed to proceed <u>in forma pauperis</u> without paying an initial partial filing fee because he does not have $11.83 in his prison account.

Under 28 U.S.C. §1915(b)(4), a prisoner may not be prohibited from bringing a civil action or appealing a civil or criminal judgment if "the prisoner has no assets and no means by which to pay the initial partial filing fee." Plaintiff may think that he falls into the category of prisoners who have "no means" to make an initial partial payment, but controlling authority holds otherwise. In <u>Newlin v. Helman</u>, 123 F.3d 429, 435 (7th Cir. 1997), the court of appeals stated,

1

> [I]t is not enough that the prisoner lack[s] assets on the date he files. If that were so, then a prisoner could squander his trust account and avoid the fee. Section 1915(b)(4) comes into play only when the prisoner has no assets and no means by which to pay the initial partial filing fee. A prisoner with periodic income has "means" even when he lacks "assets."

In measuring periodic income, § 1915 requires courts to look backward in time rather than forward. In other words, in determining whether a prisoner has the means to pay, the court cannot consider representations the prisoner makes about his current or future income or lack of it. Rather, the court must look at the prisoner's income from the previous six months. 28 U.S.C. § 1915(a)(2).

According to the formula in 28 U.S.C. § 1915(b)(1), a prisoner requesting leave to proceed *in forma pauperis* must prepay 20% of the greater of the average monthly balance or the average monthly deposits made to his prison account in the six-month period immediately preceding the filing of a complaint or notice of appeal. In this case, I was able to calculate plaintiff's initial partial appeal payment based on the six-month prisoner trust fund account statement he provided on February 13, 2015. Dkt. #211. This statement shows that 20% of the average monthly deposits made to plaintiff's account is $11.48, but 20% of the average monthly balance is $11.83. Because the greater of the two amounts is 20% of the average monthly balance, or $11.83, that is the amount plaintiff was assessed as an initial partial payment of the filing fee.

Plaintiff avers that he has no funds to pay the $11.83 initial partial appeal fee and his most recent trust fund account statement shows that he has spent his account balance down to $0.00. Indeed, the Court of Appeals for the Seventh Circuit says that no prisoner

2

can be prohibited from proceeding in a civil lawsuit because they lack the means to pay the fee. Sultan v. Fenoglio, 775 F. 3d. 888 (7th Cir. 2015). However, a key difference between this case and Sultan is that plaintiff does not argue that he has requested a disbursement from the business office. A review of plaintiff's trust fund account statement shows that many of the deductions to his account relate to court filing fees. Generally, initial partial payments assessed under § 1915(b)(1) receive priority over plaintiff's other debts. Walker v. O'Brien, 216 F.3d 626, 628 (7th Cir. 2000) (initial partial payments are to "come off the top" of all deposits to prisoner's account). Thus, if plaintiff requests a disbursement from the business office for an initial partial payment, it is possible that the office might hold future deposits to plaintiff's account for the purpose of making his initial partial payment rather than paying his other fees.

Because it may well be that plaintiff will be able to make the initial partial payment from the next deposits made to his account, I am willing to grant him another extension of time until May 8, 2015 in which to pay the initial partial appeal filing fee. If, however, by May 8, 2015, plaintiff is unable to pay the initial partial appeal payment or show cause his failure to do so, then I will advise the court of appeals of his noncompliance in paying the assessment so that it may take whatever steps it deems appropriate with respect to this appeal.

Finally, plaintiff has also filed a motion for assistance in recruiting counsel for appeal. Plaintiff's motion is not properly raised in this court. If he wishes to be appointed counsel on appeal, he will have to make his request directly to the Court of Appeals for the Seventh

Circuit.

ORDER

IT IS ORDERED that:

1. Plaintiff Glenn Turner's motion for assistance in recruiting counsel for appeal, dkt. #223, is DENIED without prejudice to his refiling it with the court of appeals.

2. Plaintiff's motion for reconsideration of the February 25, 2015 order assessing him an initial partial appeal fee, dkt. #222, is DENIED.

3. Plaintiff may have an enlargement of time, to May 8, 2015, to submit a check or money order made payable to the clerk of court in the amount of $11.83 for the initial partial appeal fee in this case. If plaintiff does not have the money to make the initial partial payment in his regular account, he will have to arrange with prison authorities to pay some or all of the assessment from his release account. If, by May 8, 2015, plaintiff fails to pay the initial partial payment, or show cause for his failure to do so, then I will advise the court of appeals of his noncompliance in paying the assessment so that it may take whatever steps it deems appropriate with respect to this appeal.

Entered this 7th day of April, 2015.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge