IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GLENN T. TURNER,

                Plaintiff,                          ORDER

      v.                                                11-cv-708-bbc

WILLIAM SWIEKATOWSKI,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On November 19, 2014, a jury found in favor of defendant William Swiekatowski on pro se plaintiff Glenn Turner's claim that defendant violated plaintiff's Eighth Amendment rights by allegedly attempting (unsuccessfully) to incite other prisoners to attack plaintiff. Dkt. #199. In an order dated January 26, 2015, I denied plaintiff's motion for a new trial. Dkt. #206. On February 13, 2015, plaintiff filed a notice of appeal, along with request to proceed in forma pauperis. Dkt. ##208 and 209. In an order dated February 25, 2015, the court determined that plaintiff qualified for indigent status and, after examining his trust fund account statement, assessed him an initial partial appeal fee of $11.83. Dkt. #218.

Plaintiff has not yet made his initial partial payment. In a letter dated March 1, 2015, plaintiff did not object to the court's calculation of the initial partial payment, but he said that he could not pay it because he had no money in his trust fund account or his

release account. Dkt. #220. (Under 28 U.S.C. § 1915, an initial partial payment is 20% of the greater of the average monthly balance or the average monthly deposits made to his prison account in the six-month period immediately preceding the filing of a complaint or notice of appeal, so it is possible for a prisoner to have a $0 balance but still owe an initial partial payment if he is receiving regular deposits into his account. Newlin v. Helman, 123 F.3d 429, 435 (7th Cir. 1997) ("A prisoner with periodic income has 'means' even when he lacks 'assets.'").) In response, Magistrate Judge Peter Oppeneer gave plaintiff an extension of time to make his initial partial payment. Dkt. #221.

On March 12, 2015, plaintiff filed a request to "waive" the initial partial payment on the ground that he has "prior financial obligations and debts [that] consume[] 100% . . . of all and any money that is deposited into plaintiff's account." Dkt. #222. In an order dated April 7, I instructed plaintiff to ask the prison's business office for a disbursement from his account because it is possible that the office might hold future deposits to plaintiff's account for the purpose of making his initial partial payment rather than paying his other debts. Newlin, 123 F.3d at 435 (initial partial payment should "come off the top" of deposits to prisoner's account).

Plaintiff did not comply with this order. Instead, he filed a new motion to waive the filing fee, attaching documents showing that he asked for a *legal loan* to make his initial partial payment. Dkt. #226. Not surprisingly, plaintiff's request was denied because state policy prohibits the use of legal loans to pay filing fees.

Plaintiff's new submissions do not show that he lacks the means to make an initial partial payment, so I am denying his motion to "waive" the fee. However, I will give

plaintiff some options regarding what he should do next.

First, he may submit a new request to the business office to withhold $ 11.83 from the next deposit to his trust fund account so that he can make his initial partial payment for this appeal.  Sultan v. Fenoglio, 775 F.3d 888, 890 (7th Cir. 2015).  If plaintiff chooses this option, he should include a copy of this order with his request to the business office.  If the business office refuses his request, plaintiff should send a copy of that decision to the court, along with an explanation of the withdrawals from his account, particularly those related to canteen purchases, so that the court can determine whether plaintiff is "intentionally depleting his trust account to avoid paying his filing fee."  Id. at 891. See also Newlin, 123 F.3d at 435 (concluding that prisoner had means to make initial partial payment when he "emptied [his] account . . . with commissary purchases").

Another option is to submit a new trust fund account statement.  If the new statement shows that plaintiff has not received any deposits since the date of his last statement (February 19, 2015), then I may conclude that plaintiff has no means to pay his initial partial payment under 28 U.S.C. § 1914(b)(4).  However, if he has continued to receive deposits since then, I will calculate a new initial partial payment using the formula from § 1915 described above.

ORDER

IT IS ORDERED that

1. Plaintiff Glenn Turner's motion to "waive" the initial partial appeal fee, dkt.

#226, is DENIED.

2. Plaintiff may have until May 29, 2015, in which to complete (a), (b) or (c) listed below:

(a) pay his initial partial appeal fee of $11.83; or

(b) submit documentation showing two things:

(1) that the business office will not approve his request to take $11.83 from his next deposit to pay the fee; <u>and</u>

(2) the reasons for the withdrawals to his account during the period of the trust fund account statement; or

(c) submit an updated trust fund account statement.

3. If plaintiff does not respond by May 29, 2015, the clerk of court is directed to inform the court of appeals of plaintiff's failure to pay the initial partial appeal payment.

Entered this 1st day of May, 2015.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge