IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GLENN T. TURNER,

                  Plaintiff,                              ORDER

       v.                                                   11-cv-708-bbc

WILLIAM SWIEKATOWSKI,

                  Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This prisoner civil rights case was closed in November 2014 after a jury rendered a verdict in defendant William Swiekatowski's favor on pro se plaintiff Glenn Turner's claim that defendant violated plaintiff's Eighth Amendment rights by encouraging other prisoners to assault him. Dkt. #199. In an earlier order, I concluded that defendant and other prison officials who were defendants at the time were entitled to summary judgment on plaintiff's claim that officials violated his First Amendment rights by confiscating various documents and then disciplining him for possessing contraband. Dkt. #108. Now plaintiff has filed a motion to "unseal" several documents that were filed in camera with the court. Dkt. #233. For the reasons explained below, I am denying the motion.

      Plaintiff's motion relates to the documents attached to docket #58. These include photographs of other prisoners, a letter from another prisoner to plaintiff and documents

1

titled "Failure to Comply with Allah's Rules and Regulations," "the Willie Lynch Letter" and "the Willie Lynch Update." I concluded in the summary judgment opinion that prison officials were entitled to confiscate these items from plaintiff because doing so was reasonably related to a legitimate interest in maintaining security in the prison. Dkt. #108. I repeated that conclusion in an order dated July 9, 2014, when plaintiff asked for the return of the letter and photographs. Dkt. #135.

Plaintiff says that the documents do not meet this circuit's standard for keeping documents sealed because defendant has not cited a statute, rule or privilege that requires confidentiality. Baxter International, Inc. v. Abbott Laboratories, 297 F.3d 544 (7th Cir. 2002). However, the general standard is irrelevant in a case like this one in which the court has already decided that plaintiff is not entitled to the documents. Plaintiff cannot avoid the consequences of the summary judgment opinion by filing a motion to unseal the record. Further, the Court of Appeals for the Seventh Circuit has held that prison officials are not required to disclose information to prisoners when doing so "would entail a security risk." Piggie v. Cotton, 344 F.3d 674, 679 (7th Cir. 2003). Because I have concluded that the documents attached to docket #58 meet that standard, I am denying plaintiff's motion.

ORDER

IT IS ORDERED that plaintiff Glenn Turner's motion to "unseal" certain documents, dkt. #233, is DENIED.

Entered this 1st day of December, 2015.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge